## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) CHAD L. TRAMBLE,**<br>　　　　　**PLAINTIFF**<br><br>**vs.**<br><br>**(1) SHAWNEE MILLING**<br>**COMPANY,**<br>**an Oklahoma For Profit Business**<br>**Corporation, and**<br>**(2) DAN REINHARDT, an individual,**<br>**(3) JOSEPH FORD, an individual,**<br>　　　　　**DEFENDANTS** | )<br>)<br>)<br>)<br>)<br>)<br>)　**Case No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Chad L. Tramble, by and through his attorney, Patricia A. Podolec, states as follows:

### PARTIES

1. Plaintiff, Chad L. Tramble (Plaintiff or Mr. Tramble), an individual, who at all relevant times resided in the City of Shawnee, State of Oklahoma.

2. Defendant, Shawnee Milling Company (Defendant or Shawnee Milling), an Oklahoma For Profit Business Corporation, has its principal place of business in the State of Oklahoma. Defendant may be served with process by serving its registered agent, Joseph Ford, 201 S. Broadway, Shawnee, Oklahoma 74801.

3. Defendant Joseph Ford (Defendant Ford) is the president of Shawnee Milling and can be served at 201 S. Broadway, Shawnee, Oklahoma 74801.

4. Defendant, Dan Reinhardt (Defendant Reinhardt) is the Safety Director for Shawnee Milling Company, and can be served at his residence in Tecumseh, Oklahoma.

## JURISDICTION AND VENUE

5. This is an action brought pursuant to the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101*et seq.,* the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the Oklahoma Anti-Discrimination Act.

6. This Court has original subject matter jurisdiction over the federal questions asserted in this Complaint pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in Shawnee, Oklahoma.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC), which was co-filed with the Oklahoma Office of Civil Rights Enforcement. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 1.

## STATEMENT OF FACTS

9. Plaintiff began employment with Defendant in or around March, 2001, as a worker on the clean out dock and moved to the packing department five years later.

10. Plaintiff was promoted to an Auto Stacker in 2020.

11. At all times he performed his duties in a satisfactory manner.

12. On or around January 29, 2024, Mr. Tramble experienced kidney failure and was hospitalized, began dialysis and was placed on a kidney transplant list.

13. Plaintiff inquired about returning to work after he was released from the hospital approximately a week later, but was told by Dan Reinhardt, the safety director, that as long as he was on dialysis he could not return to work.

14. Defendant facility is unionized and under the collective bargaining agreement (CBA), the Plaintiff was eligible for leave up to six (6) months.

15. Because he was not allowed to return to work, he utilized the extended leave of absence.

16. At the end of the six months, Mr. Tramble met with the President of Shawnee Milling, Joseph Ford. Mr. Ford agreed to an additional three (3) months of leave for Plaintiff.

17. At the end of the three months, although he had previously been told he could not return to work while on dialysis, Plaintiff was allowed to return to work and he requested an accommodation to allow him to continue dialysis, which were scheduled for Tuesdays, Thursdays and Saturdays. Mr. Tramble had enough seniority that he did not have to work Saturdays under the CBA.

18. At that time, he was told by the President of Shawnee Milling, Joseph Ford, that he could work with those restrictions.

19. However, after returning to work, Human Resources contacted him and told him he would be given unexcused absences every time he went to dialysis.

20. Mr. Tramble is a union vice-president and was aware that under the CBA any employee could schedule off for doctor's appointments and not be penalized.

21. The CBA states "All days scheduled off in advance with the approval of the immediate supervisor shall be excused."

22. In his union position, Plaintiff was also aware these scheduled days off were always approved.

23. On information and belief, Mr. Tramble's immediate supervisor was told not to excuse any of his absences and to write Mr. Tramble up for the absences.

24.  After Mr. Tramble relayed his concern, he was then told he could schedule doctor's appointments with notice.

25. Mr. Tramble began using his sick leave and vacation for the dialysis, even though it was not required.

26. Mr. Tramble began being written up for any days for which he did not have sick leave or vacation.

27. Employees are allowed to donate leave to other employees, which they did for Mr. Tramble.

28. Defendant then decided that employees could no longer donate sick leave to Mr. Tramble and blocked his use of previously donated sick leave.

29. Again, after Plaintiff relayed his concern, Defendant again changed its mind and decided he could still use donated leave.

30. At this point, Plaintiff decided to go through the union grievance process and ceased accepting donated leave.

31. Plaintiff was subsequently terminated from employment on January 7, 2025, because of his absences related to dialysis.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE OKLAHOMA ANTI-DISCRIMINATION ACT
## (AGAINST SHAWNEE MILLING COMPANY ONLY)

32. Plaintiff incorporates by reference the allegations contained in Paragraphs 8 through 30 as if fully set forth herein.

33. Plaintiff is disabled, as defined by the Americans With Disabilities Act (ADA), as he suffers from kidney failure. Plaintiff is otherwise qualified to perform the essential functions of his position as an Auto Stacker.

34. Plaintiff is an employee within the meaning of the ADA and the OADA.

35. Defendant is an employer within the meaning of the ADA, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

36. Defendant violated the ADA and the OADA by intentionally discriminating against plaintiff on the basis of his disability by refusing to make a reasonable accommodation and terminating his employment because of his disability.

37. As a direct and proximate result of defendant's conduct, Mr. Tramble has lost wages and benefits, and sustained damage to his reputation and career.

38. Plaintiff has suffered, and continues to suffer, the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, and disruption

of his peace of mind as a result of Defendant's unlawful conduct, a reaction that any reasonable person would have under like circumstances.

39. Plaintiff is entitled to an award of attorney fees and costs.

40. Plaintiff is entitled to post-judgment interest on all sums including attorney fees and costs awarded in this suit.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## (AGAINST SHAWNEE MILLING COMPANY, JOSEPH FORD, AND DAN REINHARDT)

41. Plaintiff incorporates by reference the allegations contained in paragraphs 8 through 30 as if fully set forth herein.

42. Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by defendant for at least 12 months and for at least 1,250 hours of service during the preceding 12-month period prior to him being hospitalized for kidney failure on January 29, 2024.

43. Defendant is an employer within the meaning of the FMLA, is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

44. Plaintiff was in the hospital for around a week and was able to return to work and continue FMLA leave on an intermittent basis while having to be off work for dialysis.

45. Defendant Dan Reinhardt determined that Plaintiff would not be allowed to return to work while he was on dialysis.

46. Defendant Joseph Ford was aware of this determination and approved not allowing Plaintiff to return to work while on dialysis.

47. This required Plaintiff to take a leave of absence and use up his FMLA-protected leave during this time.

48. When he finally was allowed to return to work, he did not have any FMLA protection for the time he had to take off.

49. As a result, Plaintiff was fired because of his absences related to his serious health condition.

50. Defendants' actions interfered with Mr. Tramble's right to take FMLA protected leave for his dialysis treatments.

51. Plaintiff seeks compensation for all lost wages and benefits, including back pay and front pay.

52. Defendants did not act in good faith and did not have a reasonable belief that their conduct was not a violation of 29 U.S.C. § 2615. Therefore, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA.

53. Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

54. Plaintiff seeks compensatory damages and liquidated damages in an amount equal to the sum of compensatory damages and interest and prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

55. Plaintiff demands a jury trial.

Respectfully submitted,

*s/      Patricia A. Podolec*
Patricia A. Podolec, OBA # 21325
10601 S. Western, Suite 119
Oklahoma City, OK  73170
Phone:        405-703-4431
Cell:  405-760-3358
Fax:   405-400-8784
ppodolec@podoleclaw.com